Inman *vs.* The State of Georgia.

---

COLLEY H. INMAN, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. Since the act of 1872 amends section 4312 of the Code of 1863, by changing the words "any other house or building" into the words "any other *building within the curtilage*," an indictment for larceny from the house by privately stealing therefrom, will not lie, unless the house be a "dwelling house, store, shop, warehouse, or other house within the cur-tilage."

2. When an indictment charged the prisoner with "larceny from the house," and then sets forth that he did, on a named day, privately steal certain named goods of a certain stated value, etc., from a house, which was not one of the houses mentioned in the act of 1872, fixing a penalty for pri-vately stealing from the house, and the defendant specially demurred in writing :

*Held*, that the demurrer should have been sustained, and this is true, even though the facts set forth in the indictment might be a good charge of simple larceny.

Criminal law.  Larceny.  Demurrer.  Before Judge HOP-KINS.  Fulton Superior Court.  October Term, 1874.

Inman was placed on trial for the offense of larceny from the house.  The material portion of the indictment was as follows : " For that the said Colley H. Inman, in the county aforesaid, on the fourth day of October, in the year of our

Lord, 1874, with force and arms, in a house, to-wit: in the capitol building, by day, privately, wrongfully and fraudulently, did steal, take and carry away, with intent to steal the same, five hundred United States postage stamps, of the value of fifteen dollars, and of the personal goods of said state, the said Inman having then and there entered said house contrary to the laws," etc.

. The defendant demurred to the indictment on the ground that it did not allege in whose possession the property charged to have been stolen was, at the time of the supposed larceny, and because it failed to charge any offense punishable by the laws of Georgia.

The demurrer was overruled, and the defendant excepted.

The defendant was found guilty. He assigns error upon the above ground of exception.

McCONNELL & HEYWARD, for plaintiff in error.

JOHN T. GLENN, solicitor general, by H. C. GLENN, for the state.

McCAY, Judge.

. 1. It is much to be regretted that the amendments to the Code of 1863, in relation to larceny from the house, have been very carelessly made. Under that Code, as it was originally drafted, there was method and system and clearness in the whole subject; but under the act of 1866, reducing the grade of offenses, and under the various acts again raising the grade, much confusion and uncertainty exists. It is to be hoped that the general assembly will very soon review this whole subject. It has been only a misdemeanor in this state to steal $1,000,000 in specie, whilst it is a felony to steal a promissory note for $5 00, or a bank bill for $1 00: Section 4312. The Code of 1863 made larceny from the house to consist in "privately stealing from any dwelling-house, store, shop, or warehouse, or any other house or building;" and section 4316 declared that "any house, building or edifice, belonging to the

state, or a corporate body, or appropriated to public worship, or any other public purpose, shall be considered a house or building within this class of larceny." And this was an eminently proper provision, for although the words "any other house or building" in the general section describing the offense, might fairly be said to cover it, yet, under the rule that criminal statutes are to be construed strictly, it was wise and proper to declare with certainty and precision the legislative will. But the act of 1872, restoring larceny from the house to a felony, declares that section 4348 of Irwin's Code, (which answers to section 4312 of the Code of 1863,) and which reads as follows: Any person who shall, by day or night, privately steal, etc., "in any dwelling-house, store, shop, or warehouse, or *any other building*," shall be so amended as to read as follows: "Any person who, by day or night, in any dwelling-house, store, shop, or warehouse, or other building *within the curtilage*, privately steal," etc. As this act reads, larceny from the house cannot be committed within "any house or building," but only within a dwelling-house, store, shop, warehouse, or other building within the curtilage of these houses. The effect is, as the old law is in terms repealed by the very words declaring that it shall read as follows, that section 4418, in relation to public buildings, must be also modified; the building must be a dwelling-house, shop, store, or warehouse. It is very possible that this is only a slip of the pen, or a thoughtless introduction of these words: "within the curtilage," by the draftsman. But they are there, and it is not for the courts but for the legislature to take them out.

2. This was a special demurrer. On its face the indictment charged larceny from the house, and set forth facts showing the thing done was not larceny from the house. Had this been a motion in arrest of judgment, after a verdict of guilty of larceny, we should have sustained the finding, since larceny is charged. But this was a special demurrer. An objection merely formal was good, and the court ought to have quashed the indictment. The statute saves many errors

after verdict.   But before verdict, and by special demurrer on arraignment, even formal objections are good.   To say that if they be overruled, it is not a good ground for new trial unless the defect be fatal, would be to deny the right to make such objections altogether.   We think the indictment was, under the act of 1872, defective, and that the court erred in refusing to quash it.

Judgment reversed.